# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No: 23-10588-GLT |
| | : | |
| Robert Campbell McCall, III, | : | Chapter 13 |
| Debtor, | : | |
| | : | Related to Docket No. 74 |
| Robert Campbell McCall, III, | : | |
| Movant, | : | |
| | : | |
| vs. | : | |
| | : | |
| PNC Bank, National Association, | : | |
| PNC Bank, N.A., | : | |
| Widget Financial, | : | |
| LVNV Funding, LLC | : | |
| and | : | |
| Ronda J. Winnecour, Esquire, | : | |
| Chapter 13 Trustee, | : | |
| Respondents. | : | |

## ORDER CONFIRMING SALE OF REAL PROPERTY
## FREE AND DIVESTED OF LIENS

*AND NOW*, this _____ day of _____ *2024*, on consideration of the *Motion for Sale of Real Property Free and Divested of Liens*, filed at Document No. 74, to **Allison Enzbrenner** for *$149,900.00* after hearing held in U.S. Bankruptcy Court, Courtroom A, 54th Floor U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA, 15219, on this date, the Court finds:

(1) That service of the *Notice of Hearing* and *Order* setting hearing on said *Motion* for private sale of real property free and divested of liens of the above-named Respondents, was effected on the following secured creditors whose liens are recited in said *Motion/Complaint* for private sale, viz:

**DATE OF SERVICE**          **NAME OF LIENOR AND SECURITY**

**October 14, 2024**          **PNC Bank, National Association**
                              Attn: Bankruptcy Department
                              3232 Newmark Drive
                              Miamisburg, OH 45342

1

| | |
|---|---|
| **October 14, 2024** | **Allison Enzbrenner - Purchaser**<br>5215 Exerter Road<br>Erie, PA 16509 |
| **October 14, 2024** | **Robert Campbell McCall, III - Seller**<br>1703 West 38th Street<br>Erie, PA 16508 |
| **October 14, 2024** | **Erie County Tax Claim Bureau**<br>140 West 6th Street<br>Erie, PA 16501 |

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion/Complaint.

(3) No print advertising is necessary as the result of the sale is a one hundred percent (100%) distribution to unsecured creditors.

(4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $149,900.00 offered by *Allison Enzbrenner* was a full and fair price for the property in question.

(6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

*NOW THEREFORE*, it is hereby **ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as **the property located at 1703 West 38th Street, Erie, PA 16508, Tax ID #: 19-061-072.0-313.00, Erie County PA** described, as found in **Deed Book 2017, Deed Page 007489** is hereby **CONFIRMED** to *Allison Enzbrenner, 5215 Exerter Road, Erie, PA 16509* for $ 149,900.00, free and divested of the above recited liens and claims, and, that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is **FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is **FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing.  *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this *Order*.  Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts:
PNC Bank, National Association Primary Mortgage: $47,443.48

(2) Delinquent real estate taxes, if any;_____
(3) Current real estate taxes, pro-rated to the date of closing; _____
(4) The costs of local newspaper advertising in the amount of: None;
(5) The costs of legal journal advertising in the amount of: None;
(6) The Court approved realtor commission in the amount of $8994.00
(7) Court approved attorney fees in the amount of $750.00
(8) The Chapter 13 Trustee shall be paid $15,000.00 to address all unsecured claims and the associated Chapter 13 Trustee fees on the instant case;
(9) The Chapter 13 Trustee shall be paid $6.96 in direct fees;
(10) The Debtor shall remain responsible for plan base if these funds do not satisfy the requirement following the trustee disbursement;
(11) The balance of funds realized from the within sale shall be paid to the Debtor;
(12) The Chapter 13 Trustee is authorized to issue a refund to the Debtor following the 100% distribution to creditors and payment of Chapter 13 Trustee fees.

It is **FURTHER ORDERED** that:

(1) *Within seven (7) days of the date of this Order*, the Movant/Plaintiff shall serve a copy of the within *Order* on each Respondent/Defendant (i.e., each party against whom relief is sought)and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2) *Closing shall occur within thirty (30) days of this Order*.

3

(3) ***Within seven (7) days following closing,*** the Movant/Plaintiff shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court